# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MELISSA A. BERRY, *et al.*,                    :

      Plaintiffs,                         :        Case No. 3:10cv00081

 vs.                                           :        Magistrate Judge Sharon L. Ovington
                                                 (By full consent of the parties)

DAVID S. CAHOON, *et al.,*                     :

      Defendants.                         :

# ORDER

This case is presently before the Court upon Defendants Terrill, Woodward, and American Protective Agency, Inc.'s ("APA Defendants") Motion to Strike the Affidavit of Melissa Berry (Doc. #75), Plaintiffs' Supplemental Affidavit in Response to APA Defendants' Motion to Strike (Doc. #76), and the record as a whole.

On November 22, 2011, Plaintiffs filed a Response in Opposition to APA Defendants' Motion for Summary Judgment.  Attached to this Response (Doc. #73) is an Affidavit of Plaintiff Melissa Berry.  (Doc. #73-1).  On December 1, 2011, APA Defendants filed a Motion to Strike the Affidavit of Melissa Berry (Doc. #75) because "[t]he Berry Affidavit was submitted unsigned and without notarization" and, therefore, "does not present sufficient evidence to oppose a motion for summary judgment under Rule 56."  (*Id.*).   The next day, Plaintiffs filed a Supplemental Affidavit (Doc. #76) containing Berry's signature and notarization, and informed the Court "the final page of

the affidavit, which included Plaintiff Melissa Berry's signature, was not attached to the said Memorandum and/or was not properly formatted as a PDF file when electronically filed." (*Id.*).

When deciding a motion for summary judgment, the court considers the record as a whole.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'") (internal citation omitted); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").  Therefore, regardless of Plaintiffs' subsequent filing, this issue is moot because Melissa Berry's Affidavit was previously made part of the record when filed by Plaintiffs as part of their Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings.[1]  (*See* Doc. #44-1).

Accordingly, it is therefore **ORDERED** that APA Defendants' Motion to Strike (Doc. #75) is **DENIED** as moot.

February 22, 2012

  s/Sharon L. Ovington  
Sharon L. Ovington  
United States Magistrate Judge

---

[1]  Although the two Affidavits were executed on separate occasions – November 1, 2010 and October 25, 2011 – the contents are identical.  (Docs. #s 44-1, 76-1).